## LONGAFELT against BARTSHER.

A defendant cannot set-off a debt due to any one but himself; set-off can be made only by and between the parties.

Error to *Northumberland* county.

This was an action of *assumpsit*, in which *Frederick Longafelt* was plaintiff, and the executors of *Henry Bartsher* were defendants, brought to recover a reasonable compensation for the use of a house and barn and thirty acres of land for three years. Previously to the origin of the present alleged cause of action, a settlement was made between *Longafelt* and *Bartsher*, in which a balance was found to be due to *Bartsher*; for this balance, by some arrangement between them, *Christian Light* gave *Bartsher* his note. Subsequently to the origin of the present alleged cause of action, *Light* was sued by *Bartsher* for the amount of the said note, and paid the judgment, and then sued *Longafelt* for the amount thus paid for him, and recovered the money. It was contended by the defendant in this suit, that in those suits the present claim of the plaintiff should have been set-off. On this subject the court below thus instructed the jury:

"The defendant contends, that subsequently to the plaintiff's leaving the premises, a settlement was made between the plaintiff and *Henry Bartsher*; that the settlement was made by *Christian Light*, who gave his note for the balance due to *Henry Bartsher*, and that this note was paid and the money recovered of *Christian Light*, after which *C. Light* brought a suit against *F. Longafelt* the plaintiff, for the recovery of the money he had paid for him, and during all these proceedings, the plaintiff never brought in this demand. If the plaintiff had a full knowledge of these proceedings, particularly of the settlement made by *C. Light* for him with *H. Bartsher*, and *Light* having afterwards been sued for the money, and being obliged to pay it, and never brought forward the present demand against *H. Bartsher*, he would be barred from the recovery by the act of Assembly; but if he did not know of the settlement of *C. Light* for him with *H. Bartsher*, and *C. Light's* giving his note, he would not be barred."

The opinion thus delivered was assigned for error.

*Bellas* for plaintiff in error.
*Grenough* for defendant in error.

Per Curiam.—When *Light* gave *Bartsher* his note for *Longafelt's* debt, he made it his own, and could not, in the action on the note, have set-off a debt due to any one but himself. Set-off can be made only by and between the parties; and *Longafelt* was a party neither at law nor in equity. As, then, neither *Longafelt*

(Longafelt *v.* Bartsher.)

nor *Light* could have set-off the subject matter of this action, the former is not to be barred for having left undone what the law would not have permitted him to do.   There is error, therefore, in the second, but not in the first point.

Judgment reversed and a *venire de novo* awarded.